IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FUNDAMENTAL INNOVATION  §
SYSTEMS INTERNATIONAL, LLC, §
 §
 §
    Plaintiff, §
 §
v. § Civil Action No. 3:17-CV-1827-N
 §
ZTE CORPORATION, ZTE (USA), INC., §
and ZTE (TX), INC., §
 §
    Defendants. §

## **MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Plaintiff Fundamental Innovation Systems International, LLC's ("FIS") motion for partial summary judgment of no invalidity of three patents [180]. For the reasons below, the Court denies FIS's motion.

### I. ORIGINS OF THE DISPUTE

The parties' dispute centers on several patents, the rights to which are owned by FIS, that relate to technologies enabling USB charging of mobile devices. Pltf.'s Brief Mot. Partial Summary Judgment 5 [181]. In February 2017, FIS filed suit against Defendants ZTE Corporation, ZTE (USA), Inc., and ZTE (TX), Inc. (collectively, "ZTE"). *Id.* FIS alleged that ZTE's mobile devices, tablets, and charging adaptors infringed multiple FIS patents, including patent numbers 8,624,550 ('550 patent); 7,239,111 ('111 patent); and 8,232,766 ('766 patent). *Id.*

During this litigation, ZTE filed two petitions for inter partes review ("IPR") on claims of the '550 patent with the Patent Trial and Appeals Board ("PTAB"), both filed on

ORDER – PAGE 1

October 26, 2017. *Id.* at 6–7. The PTAB instituted a review of all claims and grounds in the first petition. *Id.* at 6. The PTAB declined to institute the second petition, which raised as grounds anticipation based on references to patent 7,360,004 ("Dougherty") and obviousness based on a combination of the Dougherty and 6,625,738 ("Shiga") patents. *Id.* at 7. Subsequently, ZTE raised the arguments asserted in its second IPR petition in its invalidity expert report during this litigation. *Id.* at 6–7. FIS now seeks partial summary judgment of no invalidity of its '550, '111, and '766 patents.

## II. LEGAL STANDARDS

### A. Summary Judgment

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have

submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B. Inter Partes Review Estoppel

Parties may challenge the validity of an issued patent via an administrative review process, inter partes review, conducted by the PTAB. 35 U.S.C. § 311(a). Section 315(e)(2) provides that parties who petition for inter partes review by the PTAB and are granted institution will be estopped from subsequently asserting grounds in litigation that they either raised or "reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

In *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, the Federal Circuit interpreted section 315(e)(2) to estop only grounds that were granted institution by the PTO because the Court determined that "IPR does not begin until it is instituted." *Shaw Indus. Grp., Inc. v. Automated Creel Syst., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016). The Court rendered this decision during a time when a Patent and Trademark Office ("PTO") regulation permitted the PTAB to partially institute IPR by instituting some but not all the grounds raised by a petitioner in their IPR petition. 37 C.F.R. § 42.108(a), (b); *see also Shaw Indus. Grp., Inc.*, 817 F.3d at 1298. *Shaw* thus applied its section 315(e)(2) interpretation to the specific question whether section 315(e)(2) estoppel barred all grounds raised in a partially instituted IPR petition, but the *Shaw* court did not limit its interpretation to these circumstances. *Id.* at 1300. The Supreme Court later invalidated the practice of

partial institution and held that the PTAB must grant leave to proceed on the entirety of an IPR petition or not institute at all. *SAS Inst., Inc. v. Iancu*, 138 S.Ct. 1348, 1353 (2018).

### C. Obviousness

A patent for a claimed invention is invalid as obvious "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. A court's obviousness inquiry is not limited to comparisons to isolated teachings of individual prior art patents. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 417–18 (2007). "Often, it will be necessary for a court to look to interrelated teachings of multiple patents," and if "a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability." *Id.*

### III. THE COURT DENIES FIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FIS seeks partial summary judgment of no invalidity as to three patents, arguing both that IPR estoppel bars ZTE's invalidity arguments as to the '550 patent and that the evidence shows the '111 and '766 patents are not invalid as obvious. Because FIS has not carried its summary judgment burden on either of these grounds, the Court denies its motion for partial summary judgment.

#### A. Inter Partes Review Estoppel Does Not Bar ZTE's Invalidity Defense Regarding the '550 Patent

FIS argues that ZTE is estopped from challenging the validity of the '550 patent because its grounds could have been included in its first IPR petition, which the PTAB

instituted, but were not. ZTE counters that a petitioner is not required to raise all its grounds in a first IPR petition and that estoppel does not apply because ZTE did raise its invalidity arguments in a petition that was denied institution. The Court agrees with ZTE.

Neither *Shaw* nor *SAS* specifically addressed the situation here: an IPR petitioner raising grounds in two different petitions, one of which was instituted and one of which was not. While the Supreme Court in *SAS* held that partial institution was impermissible, the Court did not overrule *Shaw*'s section 315(e)(2) interpretation — that parties were not estopped from litigating grounds that had previously been presented in an IPR petition but not instituted. *See SAS Inst., Inc.*, 138 S.Ct. at 1353. Nothing in the text of section 315(e)(2) nor the Supreme Court's holding in *SAS* expressly requires that an IPR petitioner file only one IPR petition including all its grounds. In fact, IPR petition requirements, such as word limits, discourage raising all possible grounds in a single petition. *See* 37 C.F.R. 42.24, 42.104. This Court thus remains bound by *Shaw*'s section 315(e)(2) interpretation.

Here, ZTE included its invalidity grounds in an IPR petition, and the PTAB declined to institute that petition. Under the Federal Circuit's interpretation of section 315(e)(2) estoppel, ZTE is not barred from raising this ground now. Further, the statutory aim — to prevent strategic splitting where a party asserts some grounds in an IPR petition and saves others for litigation — would not be frustrated in a situation, like this, where all grounds were asserted in same-day IPR petitions prior to litigation. *See Milwaukee Elec. Tool Corp. v. Snap-On, Inc.*, 271 F. Supp. 3d 990, 1027, 1029 (E.D. Wis. 2017) ([A] petitioner cannot be left with the option to institute a few grounds for IPR while holding some others in reserve for a second bite at the invalidity apple once in the district court."). The Court

ORDER – PAGE 5

consequently finds that FIS has not shown that it is entitled to a judgement of no invalidity as a matter of law and denies its motion as to the '550 patent.

### B. There is a Genuine Dispute of Material Fact Regarding the Validity of the '111 and '766 Patents

ZTE's expert has opined that the asserted claims of the '111 and '766 patents are invalid as obvious based on a combination of two prior patents, 5,925,942 ("Theobald") and Shiga. FIS argues, relying on its expert's opinions, that it is entitled to summary judgment of no invalidity because this combination fails to disclose two of the asserted claims' elements and because a person of ordinary skill in the art would not have been motivated to combine Theobald and Shiga in the first place. The Court finds FIS has not met its summary judgment burden.

The disagreement between FIS and ZTE's expert witnesses — regarding whether a person of ordinary skill would make the modifications to the prior art that ZTE's expert proposes and whether those modifications can be understood to address all the asserted claim limitations — gives rise to a factual dispute. While FIS may reject ZTE's expert's conclusions, it has not shown the absence of any disputed facts on invalidity. Consequently, the Court denies FIS's motion for partial summary judgment of no invalidity as to the '111 and '766 patents.

### CONCLUSION

Because FIS has not shown that there is no dispute of material fact regarding invalidity of the '111 and '766 patents or that it should prevail on the issue of invalidity as

a matter of law as to the '550 patent, the Court denies FIS's motion for partial summary judgment of no invalidity.

Signed November 20, 2019.

David C. Godbey
United States District Judge